UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA GILLENWATER,
    Plaintiff,

CASE NO.: 24-12708-
HON.:
MAG.:

-vs.-

THE CITY OF RIVER ROUGE and THE CITY OF RIVER ROUGE POLICE DEPARTMENT, and OFFICER OLIVITO,
    Defendants.

_____/

PREMIER LEGAL GROUP, PLLC
JERARD M. SCANLAND (P74992)
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Telephone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com
_____/

## COMPLAINT FOR POLICE MISCONDUCT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

*/s/ Jerard Scanland*
**JERARD M. SCANLAND**
**Attorney for Plaintiff**

1

**COMES NOW THE Plaintiff, JESSICA GILLENWATER,** through her attorney the law firm of PREMIER LEGAL GROUP, PLLC, and by attorney Jerard M. Scanland, and in support of her Complaint For Police Misconduct states the following:

## JURISDISCTION AND VENUE

1. The Plaintiff brings this cause of action pursuant to USC 42 Sec 1983, and a violation of the 4th Amendment.

2. This court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. Section 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws and treaties of the United States;

   b. 28 U.S.C. Section 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

   c. 28 U.S.C Section 1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C Section 1391 (b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

5. Plaintiff is a citizen of the United States and resides in the County of Wayne, State of Michigan, which is in this judicial district.

6. At all times, Defendant, OLIVITO was employed as a Officer by the River Rouge Police Department ("RPD"), a department of the CITY OF RIVER ROUGE and was acting under the color of law.

7. Defendant, the City of River Rouge is a public entity and is located in the County of Wayne, State of Michigan, which is in this judicial district.

8. Defendant, the City of River Rouge Police Department is a public entity and is located in the County of Wayne, State of Michigan, which is in this judicial district.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

10. This matter arises out of a Traffic stop on October 21, 2021, at approximately 2:30a.m. for a broken taillight assembly on Plaintiff's vehicle. This was not initially told to the Plaintiff as the reason for her stop by the officers.

11. On the aforementioned date, the Plaintiff, was parked in front of her

3

home at the time. The officers approached Plaintiff's vehicle and requested their license and insurance. The Plaintiff inquired as to why she was being stopped.

12. The Officer never advised Plaintiff as to the reason why he was seeking Plaintiff's license and registration.

13. The Officer became more aggressive in his tone with the Plaintiff and even threatened to forcibly remove the Plaintiff from her vehicle, breaking her window if necessary.

14. The Plaintiff requested a supervisor because the Plaintiff no longer felt safe.

15. The supervisor appeared shortly thereafter and when Plaintiff again inquired as to the reason why she was stopped, no one responded.

16. The Plaintiff never denied providing the officers with her information she simply wanted to know why she was being stopped.

17. The supervisor and the other officer, proceeded to forcibly rip Plaintiff from her vehicle and arrested her. As a result, the Plaintiff sustained bruises.

18. The Plaintiff suffered an anxiety attack in the back of the squad car. She advised the Officer's that she needed her medicine.

19. It was only after the Plaintiff was forcibly removed from her vehicle that the officers advised Plaintiff that the reason for her stop was a broken taillight assembly.

20. That Plaintiff was degraded, humiliated and embarrassed to such an extent that after the incident she sought counseling services.

21. The actions of the River Rouge Police Officers were designed to intimidate, harass and embarrass.

22. Plaintiff's civil rights were violated as a result of being subjected to an unlawful and unreasonable search.

23. That the officers' actions in regards to the within matter were willful, unreasonable and rise above that of mere negligence or a failure on the part of the officer to exercise due care.

## COUNT-I

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
**(Against All Defendants)**

24. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

25. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

26. The Fourth Amendment of the U.S. Constitution protected Bigger from excessive force.

27. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

28. Defendants were "persons," as defined under 42 U.S.C. § 1983, the Rouge Police Department and their officers acting as an agent of the Rouge Police Department, were acting under the color of state law at all times relevant to this action.

29. Forcibly removing Plaintiff from her vehicle for a broken taillight assembly, Defendants acted under color of law with deliberate indifference, and violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

30. The severity of the crime at issue was minor.

31. Plaintiff did not pose an immediate threat to the safety of the officers or others. Plaintiff made no verbal threats to the officers.

32. At the time Defendants forcibly removed the Plaintiff from her vehicle Plaintiff was not actively resisting arrest or attempting to evade arrest by flight.

33. Plaintiff's right to be free from excessive force as described herein was clearly established at the time Defendants forcibly removed her from the vehicle causing her injuries to her wrist along with psychological trauma.

34. Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

35. As a direct and proximate result of Defendant, the City of Trenton Police Department, violation of 42 U.S.C. Section 1983, Plaintiff has sustained injuries and damages.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendants providing the following relief:

a. Compensatory damages in whatever amount exclusive of costs and interest, that Plaintiff is found to be entitled;

b. Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

c. An award of interest, costs and reasonable attorney's fees;

d. Any and all other remedies provided pursuant to 42 U.S.C. Section 1983;

e. And grant such other relief as this Honorable Court deems just and appropriate.

## COUNT-II
## FALSE ARREST

36. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

37. As stated in the General Allegations, Defendants falsely arrested Plaintiff in for an alleged violation of his bond despite having evidence to the contrary.

38. Defendants actions in arresting the Plaintiff for a broken taillight assembly was designed to knowingly and intentionally arrest Plaintiff in order to intimidate and harass Plaintiff in violation of his civil rights.

39. Defendants did, by force, physically restrain Plaintiff by putting their hands on Plaintiff and placing handcuffs on Plaintiff.

40. Defendants' actions were intentional with the intention to place Plaintiff under their custody and control in order to take Plaintiff into police custody, despite objections.

41. Plaintiff was conscious of the confinement and advised Defendants they had no right to arrest her.

42. Defendants intentionally and knowingly, arrested Plaintiff and confined her to the police car and police custody.

43. At all times relevant, Plaintiff was not free to leave and Defendants refused to allow Plaintiff to leave via their illegal and wrongful actions.

44. Defendants' actions in arresting Plaintiff were designed to embarrass, humiliate, threaten, intimidate, they had authority under Michigan law to hold and arrest Plaintiff.

45. As a result of the Defendants' actions, Plaintiff suffered damages as described in this Complaint.

**WHEREFORE,** Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

8

a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;

b. Compensatory damages against all defendants to which Plaintiff is entitled;

c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

d. An award of interest, costs, and reasonable Attorney fees

e. And such other relief as this Honorable Court deems proper and just.

## **PRAYER FOR RELIEF**

Plaintiff request this Honorable court enter Judgment against Defendants providing the following relief:

a. Actual Damages against all defendants in whatever amount above $25,000 that Plaintiff is entitled;

b. Compensatory damages against all defendants to which Plaintiff is entitled;

c. Punitive/Exemplary damages against all defendants to which Plaintiff is entitled;

9

d. An award of interest, costs, and reasonable Attorney fees;

e. And such other relief as this Honorable Court deems proper and just.

**I, JESSICA GILLENWATER verify and state the above allegations and facts are true to the best of my knowledge, information, and belief.**

Dated: October

**JESSICA GILLENWATER**
Plaintiff

Respectfully submitted,

**PREMIER LEGAL GROUP, PLLC,**

BY: /s/ Jerard M. Scanland
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Ste. 5
Southgate, Michigan 48195
Telephone: (734)-282—6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com